IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUDY ROBLES, | § | |
| | § | |
| *Plaintiff,* | § | SA-20-CV-00396-FB |
| | § | |
| vs. | § | |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This report and recommendation concerns the following motions: Defendant Allstate Fire and Casualty Insurance Company's Motion for Partial Dismissal Under Rule 12(b)(6) [#2], Plaintiff's Opposed Motion to Remand to Texas State Court [#8], and Plaintiff's Motion for Leave to File Plaintiff's First Amended Original Complaint [#9]. This case was referred to the undersigned for all pretrial proceedings on April 3, 2020 [#6], and the undersigned has authority to enter this report and recommendation pursuant to 28 U.S.C. § 363(b)(1)(b). For the reasons set forth below, it is recommended that Plaintiff's motion to remand be granted and Defendant's motion to dismiss and Plaintiff's motion for leave to amend be dismissed as moot.

**I.  Background**

This is an underinsured motorist case arising out of a motor-vehicle accident in Bexar County, Texas on July 25, 2018 between Plaintiff Rudy Robles and Cynthia Gutherie, an underinsured driver. Robles originally filed this action in state court against his automobile insurer Defendant Allstate Fire and Casualty Insurance Company ("Allstate"), alleging

1

Gutherie's negligence in the operation of her vehicle and seeking damages under Allstate's underinsured motorist coverage. (Orig. Pet. [#1-3].) Robles's Original Petition seeks a declaratory judgment that his damages resulting from the accident fall within the coverage afforded him under Allstate's insurance policies and he is entitled to recover these damages from Allstate. Robles also alleges claims of negligence and negligence per se as to the conduct of Gutherie in failing to safely make a left turn or yield the right of way but does not include Gutherie as a Defendant in this action. Robles's prayer for relief in his Petition requests monetary relief in excess of $200,000 but not more than $1 million, a declaratory judgment, as well as reasonable attorney's fees under Chapter 37 of the Texas Civil Practices & Remedies Code.

Allstate removed Robles's Petition to this Court pursuant to diversity jurisdiction, alleging that Robles and Allstate are diverse for citizenship purposes and the amount of controversy based on the face of the pleadings exceeds $75,000. (Notice of Removal [#1].) Immediately following removal, Allstate moved to dismiss Robles's claims for breach of contract[1] and negligence per se, such that this case would only proceed as a declaratory judgment action. Rather than responding to the motion, Robles filed a motion to remand, arguing the amount in controversy has not been satisfied for purposes of establishing diversity jurisdiction because the two insurance policies at issue each limit coverage to $30,000. Therefore, Robles argues that the maximum amount in controversy is $60,000 and does not meet the jurisdictional threshold. Robles has also filed a motion for leave to amend to file an amended complaint pleading $60,000 to reflect the policies' limitations.

---

[1] Although Robles's Petition does not expressly assert a cause of action for breach of contract, Allstate interprets the allegations to plead the elements of a breach-of-contract claim. During the status conference, Robles denied he was asserting a breach-of-contract claim.

The Court held a status conference in this case on this day, at which counsel for both parties appeared telephonically. At the hearing, the Court heard argument on the motion to remand. For the reasons that follow, the undersigned will recommend the Court grant the motion.

## **II. Analysis**

Robles moves to remand on the grounds that the amount-in-controversy requirement necessary to establish diversity jurisdiction is not satisfied. The amount in controversy must exceed $75,000 diversity jurisdiction to exist. *See* 28 U.S.C. § 1332(b). Federal law permits the removal "of any civil action brought in a Sate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). In resolving a motion to remand, this Court looks to the jurisdictional facts as they existed at the time of removal. *Asociacion Nacional de Pescadores v. Doe Quimica*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998). Post-removal affidavits and stipulations are only relevant to the extent that the amount in controversy is ambiguous at the time of removal. *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

The record reflects that Robles's Original Petition pleaded a range of damages from $200,000 to $1 million, in conformity with Texas pleading requirements, which require plaintiffs to plead in certain predefined damage ranges. *See* Tex. R. Civ. P. 47(c). Allstate therefore argues that the amount in controversy has been satisfied. Robles counters that the two policies at issue limit underinsured motorist coverage to $30,000, therefore capping his damages for all claims asserted in this lawsuit against Allstate at $60,000. According to Robles, regardless of the

amount pleaded, the actual amount in controversy is therefore below the jurisdictional threshold. The undersigned agrees.

When removal is sought on the basis of diversity, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2). Therefore, a plaintiff's demand, as it appears on the face of the original pleading, normally controls.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).  However, in the context of actions for declaratory judgment under an insurance policy, the Fifth Circuit has repeatedly held that the amount in controversy may, in certain circumstances, be determined by the amount of liability coverage provided by the contract of insurance.  *See Hartford Ins. Grp. V. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002); *Payne v. State Farm Mut. Auto Ins. Co.*, 266 F.2d 63, 65 (5th Cir. 1959); *C.E. Carnes & Co. v. Emp'rs Liab. Assur. Corp., Ltd. of London*, 101 F.2d 739 (5th Cir. 1939).  More specifically, "if an insurance policy limits the insurer's liability to a sum below the jurisdictional threshold, the fact that a claimant wants more money does not increase the amount in controversy." *Lou-Con*, 293 F.3d at 911 (citing *Payne*, 266 F.2d at 65).  District courts in this Circuit, including a recent decision by the District Judge assigned to this case, have followed this line of precedent in remanding cases where the policy limits recover to less than the jurisdictional minimum for establishing diversity jurisdiction.  *See, e.g.*, *Angiel v. Allstate Fire & Casualty Ins. Co.*, 5-18-CV-1285-FB(HJB) (dkt. 50) (order accepting report and recommendation and ordering remand).

The parties agree here that the policies at issue limit Robles's recovery for uninsured/underinsured motorist benefits to $60,000.  Yet Allstate argues that Robles's Petition is distinguishable from the *Angiel* case and others because (1) Robles pleaded a breach of contract claim, for which additional damages could be available; (2) attorney's fees could be

available under such a claim, and such fees should be included in the calculation of the amount in controversy; and (3) Robles's Petition seeks "[s]uch other and further relief, at law and in equity, to which Plaintiff Rudy Robles may be entitled," which opens the door for Robles to add additional claims in federal court that could increase the amount in controversy.  None of these arguments has merit.

Robles has not pleaded a breach of contract claim.  The only claim asserted in his Petition is a claim for declaratory judgment based on the asserted negligence of Gutherie and the underinsured motorist coverage in the policies issued by Allstate.  The fact that Robles may have pleaded underlying facts sufficient to assert a claim for breach of contract against Allstate is immaterial.  A plaintiff is the master of his own pleading.  *Carolina Aircraft Corp. v. Am. Mut. Liab. Ins. Co.*, 517 F.2d 1076, 1077 (5th Cir. 1975).  Allstate cannot manipulate Robles's Petition to include claims it does not, and the Court's task in construing a pleading for purposes of analyzing removal jurisdiction is not to imagine other causes of action the plaintiff could have asserted (but did not) based on the factual allegations.

The Court also rejects Allstate's argument regarding attorney's fees.  "If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Although Robles does plead attorney's fees in his Petition, he does so pursuant to the Texas Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code § 37.009.  (*See* Orig. Pet. [#1-3] at 4.)  Section 37.009, however, does not apply in diversity cases in federal court.  *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998).  Accordingly, although attorney's fees are a factor in evaluating the amount in controversy, there is no other alleged statutory basis for the recovery of

fees in Robles's Petition, whether based on a breach of contract action (as argued by Allstate) or some other claim, that would apply in this removed case.

Finally, the possibility of post-removal amendments that could hypothetically increase the amount in controversy cannot serve as a basis for establishing diversity jurisdiction. Again, it is the jurisdictional facts as they exist at the time of removal that determine this Court's jurisdiction. *See Asociacion Nacional de Pescadores*, 988 F.2d at 565. Robles has not pleaded any additional claims that could give rise to a separate claim for damages distinct from those available under the underinsured motorist policy coverage at issue in this declaratory judgment action. Accordingly, despite Robles's inclusion of generic language in his Petition seeking relief to the full extent available under the law, the only causes of action in his Petition are limited by the underinsured motorist coverage in the policies underlying this suit. Because these policies only allow Robles to recover a maximum of $60,000 in damages, the amount in controversy falls below the jurisdictional minimum for establishing this Court's diversity jurisdiction. If at a later date Robles amends his pleading to add claims that increase the amount in controversy, then his case may be removable at that time. But Robles's Petition was not removable at the time of Allstate's removal. Robles's motion to remand should therefore be granted.

Because Allstate's partial motion to dismiss is based on federal pleading standards, the undersigned will recommend that this motion be dismissed as moot prior to remand. Because Plaintiff's motion for leave to amend asks the Court to file a complaint complying with federal pleading standards, the Court should also dismiss this motion as moot prior to remand.

### III.  Conclusion and Recommendation

Having considered the motions before the Court, any responses and replies thereto, the governing law, and the argument of counsel at the conference, the undersigned **recommends** that

Plaintiff's Opposed Motion to Remand to Texas State Court [#8] be **GRANTED** and this case be **REMANDED** to the 45th Judicial District Court of Bexar County, Texas.

In light of this recommendation, the undersigned also recommends that Defendant Allstate Fire and Casualty Insurance Company's Motion for Partial Dismissal Under Rule 12(b)(6) [#2] and Plaintiff's Motion for Leave to File Plaintiff's First Amended Original Complaint [#9] be **DISMISSED AS MOOT**.

### IV.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal

conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    SIGNED this 10th day of July, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE